IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PERCY FREEMAN,

    Plaintiff,

  v.            CASE NO. 09-3265-SAC

FRANK DENNING, et al.,

    Defendants.

## MEMORANDUM AND ORDER

  Plaintiff proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983, seeking damages on allegations that officials at the Johnson County Adult Detention Center in Olathe, Kansas, were deliberately indifferent to his medical needs. The court reviewed the complaint and found a response from defendants was required on plaintiff's allegations of deliberate indifference to his medical needs.

  Before the court are motions to dismiss filed by Johnson County Sheriff Frank Denning (Doc 14), and by "Val" and "Mike" (Doc. 12) who are identified as medical supervisors. Also before the court is plaintiff's motion for appointment of counsel to assist him in filing a response to defendants' motions.

  In his complaint, plaintiff claims defendants were deliberately indifferent to his swollen and discolored legs which made it difficult for him to walk and caused him to fall in the shower. The complaint and attached administrative materials document that

plaintiff was told his medical record did not include a diagnosis of rheumatoid arthritis for which plaintiff sought accommodation, and that plaintiff was repeatedly seen in the clinic by Dr. Gamble both before and after sending plaintiff to a regional medical center to be evaluated for a possible clot.

*Motion for Appointment of Counsel*

Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel," but that statute does not authorize or require "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-10 (1989). Instead, whether to grant a request for counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995). See *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004)(citations omitted). As a pro se litigant, plaintiff is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, he bears the burden of convincing the court "that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d. at 1115 (citation omitted).

In support of his motion, plaintiff states only that he is currently being housed in a super-max locked down state correctional facility with limited access to legal materials and resources, and

that he has no knowledge of how to proceed in this civil action. However, having reviewed plaintiff's demonstrated ability to present said claims in the complaint, and the relatively uncomplicated legal deficiencies identified in defendants' motions to dismiss, the court finds the appointment of counsel in this matter is not warranted.

*Motions to Dismiss*

"Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law." *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008). A complaint must "make clear exactly who is alleged to have done what to whom." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.2008). To withstand dismissal, the complaint must state specific factual allegations that make a legal claim for relief plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007). The court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009), *cert. denied*, 130 S.Ct. 1142 (2010).

Defendant Sheriff Denning seeks dismissal of the complaint, citing plaintiff's failure to allege any personal participation by the Sheriff in the alleged denial of plaintiff's constitutional rights, see *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)(personal involvement in alleged constitutional injury is

required for individual liability under § 1983), or identify any Johnson County policy, regulation, custom or practice that led to plaintiff's alleged injury, see *Bruner*, 506 F.3d at 1026 (stating facts and allegations required to invoke supervisor liability). Sheriff Denning further contends dismissal of the complaint is appropriate because plaintiff's disagreement with the medical care provided is insufficient to state a cognizable constitutional claim of deliberate indifference for the purpose of proceeding under § 1983. See *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to a constitutional claim of deliberate indifference to serious medical needs).

Likewise, medical supervisors "Val" and "Mike" seek dismissal of the complaint because plaintiff alleges no direct personal participation by either defendant in the alleged wrongdoing, and may not rely on the doctrine of respondeat superior to hold either of them liable simply by virtue of their supervisory position. *Rizzo v. Goode*, 423 U.S. 362 (1976). They also contend plaintiff's allegations of ineffective and inadequate treatment reflect at most negligence and disagreement with medical care, which is insufficient to state a cognizable claim for relief under § 1983.

Plaintiff filed no response to defendants' motions other than to seek appointment of counsel well after the time for filing a

response to defendants' motions had expired.[1]

Having reviewed the record, the court finds defendants' motions to dismiss are uncontested, have legal merit,[2] and are supported by the record. Accordingly, the court grants defendants' motions and dismisses the complaint.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (Doc. 18) is denied.

---

[1] Defendants filed their motions to dismiss in February 2010. Plaintiff did not file his motion for appointment of counsel until July 26, 2010.

Absent a showing of excusable neglect, plaintiff's failure to file a timely response constitutes a waiver of the right to file a response, and defendants' motions are to be treated and decided as uncontested motions. D.Kan.R. 7.4(b). Here, plaintiff does not address his failure to file a response or contact the court in a timely manner, and his "pro se status does not relieve him of the obligation to comply with procedural rules." *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199 n.3 (10th Cir.2002). See also *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)(while pro se litigants are held to a less stringent standard, this does not mean that a court must assume the role of advocate for the pro se litigant).

[2] On the face of the complaint, plaintiff alleges nothing to establish any personal participation by any of the named defendants, or to establish any legal basis for obtaining relief from Sheriff Denning in that defendant's official capacity. Plaintiff failed to cure these deficiencies, thus there is clear legal support for defendants' motions to dismiss the complaint.

As to whether plaintiff alleged only disagreement with medical care, the record is not as clear. Defendants' motions focus on the acknowledged medical care provided to plaintiff during and shortly after July 2009, and do little to address plaintiff's allegations of being denied accommodation for claimed difficulties through December 2009 in showering and walking, and in obtaining medical treatment for continuing swelling and discoloration in his legs. Nonetheless, because plaintiff failed to identify any personal participation by any of the named defendants, the complaint presents no factual or legal basis for establishing any plausible claim for relief under § 1983 against defendants.

5

IT IS FURTHER ORDERED that defendants' motions to dismiss (Docs. 12 and 14) are granted, and that this matter is dismissed.

**IT IS SO ORDERED.**

DATED:  This 23rd day of September 2010 at Topeka, Kansas.

s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge
